IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TRAVIS ROGAN MAYFIELD, | § | |
| Plaintiff, Pro Se | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| RPM LIVING (RPMI Properties), | § | **6:26-CV-245-ADA-DNM** |
| Defendant. | § | |
| | § | JURY DEMAND |

# PLAINTIFF'S ORIGINAL COMPLAINT WITH JURY DEMAND

# I. INTRODUCTION

1. Plaintiff Travis Rogan Mayfield ("Plaintiff") brings this civil action against RPM Living ("Defendant") for retaliation in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3617.
2. This case arises from Defendant's intimidation, coercion, threats, and retaliatory conduct on March 26, 2026, after Plaintiff attempted to submit a Code Compliance Complaint and a Formal Complaint regarding unsanitary conditions, animal waste violations, nuisance dog noise, and dumped cat litter at Pecan Pointe Apartments in Temple, Texas.
3. Defendant's employee Christina Luna, acting under the direction of property manager Erica Hall, confronted Plaintiff in a hostile and retaliatory manner immediately upon receiving Plaintiff's complaints. The conduct was captured on Defendant's office surveillance cameras.
4. Plaintiff engaged in protected activity under the FHA by filing complaints with a governmental agency and reporting unsafe and unsanitary housing conditions.
5. Defendant's employee Christina Luna attempted to punish Plaintiff for exercising these rights by falsely accusing him of a noise violation that Defendant had already admitted was a generalized, erroneous email sent to all residents.
6. Defendant's actions caused Plaintiff emotional distress, fear, humiliation, and interference with his federally protected rights.

# II. PARTIES

7. Plaintiff Travis Rogan Mayfield is a natural person residing at 463 Westfield Blvd., Apartment 338, Temple, Texas 76502.
8. Defendant RPM Living is a multifamily property management and investment company conducting substantial business in Texas, including management of Pecan Pointe Apartments.

# III. JURISDICTION AND VENUE

9. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts a claim under 42 U.S.C. § 3617.
10. Personal jurisdiction is proper because Defendant conducts business in Texas and the events giving rise to this lawsuit occurred in this District.
11. Venue is proper under 28 U.S.C. § 1391(b) because the events occurred in Bell County, Texas, within the Waco Division of the Western District of Texas.

# IV. FACTUAL BACKGROUND

12. On March 26, 2026, Plaintiff prepared a Code Compliance Complaint and a Formal Complaint regarding unsanitary conditions, animal waste violations, nuisance dog noise, and dumped cat litter at Pecan Pointe Apartments.
13. Plaintiff contacted Temple Code Compliance earlier that morning and informed them he would be submitting the complaints to the apartment office when it opened.
14. Plaintiff arrived at the leasing office at 9:00 a.m. to deliver the complaints. Instead of accepting the documents, Defendant's employee Christina Luna became hostile, defensive, and confrontational.

15. Defendant's employee Christina Luna falsely accused Plaintiff of violating a noise complaint email that she had previously admitted was a generalized, erroneous message sent to the entire complex.
16. The employee Christina Luna's statements were threatening, intimidating, and retaliatory, and were made immediately after Plaintiff attempted to submit his complaints.
17. Plaintiff felt unsafe, rushed, and intimidated, and left the office. The entire encounter lasted approximately ten minutes and was recorded on Defendant's surveillance cameras.
18. Plaintiff had two witnesses—Andrew Paul Mayfield and Julia Reichenbach—who heard the confrontation via speakerphone and can corroborate the retaliatory statements.
19. Plaintiff notified Temple Code Compliance immediately after the incident, reporting the intimidation and retaliation. Email correspondence with Code Compliance employee Daphne Feeback confirms Plaintiff's protected activity.
20. Plaintiff later warned other residents through online reviews due to ethical concerns and to protect tenant rights.
21. Defendant's employee Christina Luna attempted to impose a nonexistent violation on Plaintiff solely because he exercised his right to file complaints with a government agency.
22. Defendant's conduct constitutes retaliation under the FHA.

# V. SCOPE CLARIFICATION AND CLAIM FRAMING

23. **Scope Clarification** Plaintiff submits this clarification to ensure that the Court evaluates this action within the boundaries of the claim actually pled. This case concerns a single protected activity occurring on March 26, 2026, and a single retaliatory adverse action occurring immediately thereafter.
24. Plaintiff does not allege a broad landlord-tenant dispute, multiple incidents, or generalized grievances. The claim is limited to the statutory elements of retaliation under 42 U.S.C. § 3617.
25. **Claim Framing** Plaintiff requests that the Court evaluate the claim according to the required elements of § 3617: (1) protected activity; (2) Defendant's knowledge; (3) adverse action; (4) causation; and (5) resulting injury.
26. This clarification is offered to ensure the claim is evaluated as pled and not expanded or reframed beyond its intended scope.

# VI. CLARIFICATION OF WHAT THIS CASE DOES NOT PRESENT

27. Plaintiff does not seek adjudication of: • routine landlord-tenant disputes; • lease enforcement issues; • rent, fees, or contract interpretation; • property conditions unrelated to the protected activity; or • any claims outside the single cause of action expressly pled.
28. This clarification is provided to avoid unnecessary confusion and to ensure the Court evaluates only the specific statutory claim presented.

# VII. PRESERVATION STATEMENT

29. Plaintiff respectfully notes that the claim is pled with specificity and supported by factual allegations and exhibits. The structure of the complaint is intended to present the claim clearly and to avoid ambiguity.

30. Plaintiff requests that the claim be evaluated on its merits as pled and that no recharacterization or expansion occur beyond the statutory elements identified above.

# VIII. EVIDENCE

31. Plaintiff anticipates offering the following exhibits into evidence at trial and in pre-trial proceedings. Exhibits are referenced throughout the Complaint and are incorporated herein by reference.

32. **Exhibit A Formal Complaint(s) Submitted to Management** on March 26, 2026, notifying Defendant of health, sanitation, and nuisance violations occurring on the property.

33. **Exhibit B Code Compliance Complaint Form** submitted to the City of Temple on March 26, 2026, documenting unsanitary conditions, animal waste violations, nuisance dog noise, and dumped cat litter at Pecan Pointe Apartments.

34. **Exhibit C Witness Statement of Andrew Paul Mayfield**, who heard Defendant's employee state "you're in violation" during the March 26, 2026 confrontation, and who received text messages confirming that Plaintiff's mother became upset after being misled by Defendant's employee Christina Luna.

35. **Exhibit D Email Correspondence with Temple Code Compliance (Daphne Feeback)** confirming Plaintiff's protected activity, including his report of retaliation and his submission of code violation complaints.

36. **Exhibit E Defendant's Surveillance Footage** from March 26, 2026, capturing the encounter between Plaintiff and Defendant's employee Christina Luna inside the leasing office. Plaintiff requests preservation and production of this footage.

37. **Exhibit F Plaintiff's Yelp and Google Reviews**, documenting Plaintiff's contemporaneous account of the retaliatory conduct and warning other residents of unsafe and unsanitary conditions.

38. **Exhibit G Text Message Records** showing the family conflict caused by Defendant's statements, including messages confirming that Plaintiff's mother "got out of line" after being influenced by Defendant's employee Christina Luna.

39. **Exhibit H Plaintiff's Personal Statement of Emotional Distress**, describing the emotional impact of the incident.

40. Plaintiff will subpoena Defendant's employee (Christina Luna), property manager Erica Hall, and Code Compliance employee Daphne Feeback.

# IX. CLAIM FOR RELIEF

41. **Count 1 – Fair Housing Act Retaliation (42 U.S.C. § 3617)**

4

42. Plaintiff engaged in protected activity by filing complaints with Code Compliance and submitting formal complaints to Defendant.

43. Defendant, through its employee Christina Luna, intimidated, threatened, and interfered with Plaintiff's exercise of FHA-protected rights.

44. Defendant's conduct constitutes unlawful retaliation under 42 U.S.C. § 3617.

# X. LEGAL DEFINITIONS

45. **Protected Activity (FHA):** Filing complaints with government agencies, reporting unsafe conditions, or asserting housing rights.

46. **Retaliation (FHA):** Intimidation, coercion, threats, or interference because a tenant engaged in protected activity.

47. **Retaliatory Motive:** Adverse action taken because of Plaintiff's protected activity.

48. **Adverse Action:** Conduct that would deter a reasonable person from exercising their rights.

49. **Injury:** Emotional distress, fear, humiliation, and interference with federally protected rights.

# XI. DAMAGES

50. Plaintiff seeks compensatory damages for emotional distress, humiliation, fear, and interference with federally protected rights.

51. Plaintiff seeks punitive damages due to the intentional and retaliatory nature of Defendant's conduct.

52. The amount of damages will be proven at trial.

# XII. JURY DEMAND

53. Plaintiff demands a trial by jury on all issues so triable.

# XIII. PRAYER FOR RELIEF

54. Plaintiff respectfully requests that the Court:

55. Award compensatory and punitive damages;

56. Order preservation of all video and electronic evidence;

57. Grant all other relief to which Plaintiff is entitled.

# XIV. COSTS AND THE AMERICAN RULE

Plaintiff notes that this action proceeds under the American Rule. Each party is responsible for their own attorney's fees and litigation costs except where federal statutes expressly authorize fee-shifting. Plaintiff seeks only the damages and relief specifically permitted under 42 U.S.C. § 3617.

# XV. SIGNATURE BLOCK

58. **Respectfully submitted,**

59. **/s/ Travis Rogan Mayfield Travis Rogan Mayfield** 463 Westfield Blvd., Apt. 338 Temple, Texas 76502 Email: travismayfield@yahoo.com Phone: 254-394-9251 Plaintiff, Pro Se

# XVI. CERTIFICATE OF SERVICE

I certify that a true and correct copy of this **Plaintiff's Original Complaint with Jury Demand** will be served on the Defendant after the Clerk of Court issues the summons, in accordance with Federal Rule of Civil Procedure 4. Service will be completed by certified mail, return receipt requested, or by any other method authorized by Rule 4 and Texas law.

**RPM Living (RPMI Properties)** c/o Registered Agent Cogency Global Inc. 1601 Elm Street, Suite 4360 Dallas, Texas 75201

**Date:** _____4/14/2026_____

**/s/ Travis Rogan Mayfield Travis Rogan Mayfield** Plaintiff, Pro Se

# EXHIBITS

Plaintiff anticipates offering the following exhibits into evidence at trial and in pre-trial proceedings. Exhibits are referenced throughout the Complaint and are incorporated herein by reference.

**Exhibit A Formal Complaint(s) Submitted to Management** on March 26, 2026, notifying Defendant of health, sanitation, and nuisance violations occurring on the property.

**Exhibit B Code Compliance Complaint Form** submitted to the City of Temple on March 26, 2026, documenting unsanitary conditions, animal waste violations, nuisance dog noise, and dumped cat litter at Pecan Pointe Apartments.

**Exhibit C Witness Statement of Andrew Paul Mayfield**, who heard Defendant's employee Christina Luna threaten Plaintiff by stating "you're in violation" during the March 26, 2026 confrontation, and who received text messages confirming that Plaintiff's mother became upset after being misled by Defendant's employee Christina Luna.

**Exhibit D Email Correspondence with Temple Code Compliance (Daphne Feeback)** confirming Plaintiff's protected activity, including his report of retaliation and his submission of code violation complaints.

**Exhibit E Defendant's Surveillance Footage** from March 26, 2026, capturing the confrontation between Plaintiff and Defendant's employee Christina Luna inside the leasing office. Plaintiff requests preservation and production of this footage.

**Exhibit F Plaintiff's Yelp and Google Reviews**, documenting Plaintiff's contemporaneous account of the retaliatory conduct and warning other residents of the unsafe and unsanitary conditions.

**Exhibit G Text Message Records** showing the family conflict caused by Defendant's retaliatory statements, including messages confirming that Plaintiff's mother "got out of line" after being influenced by Defendant's employee Christina Luna.

8

**Exhibit H Plaintiff's Personal Statement of Emotional Distress**, detailing trauma, humiliation, whistleblower harm, and the emotional impact of Defendant's retaliation.

# Exhibit A

**Formal Complaint(s) Submitted to Management** on March 26, 2026, notifying Defendant of health, sanitation, and nuisance violations occurring on the property.

### Formal Complaint – Animal Waste Violations, Unsanitary Conditions, Nuisance Dog Noise & Dumped Cat Litter

Date: March 26, 2026 To: Pecan Pointe Apartments 463 Westfield Blvd Temple, TX 76502 – Management CC: City of Temple Code Compliance

Subject: Formal Complaint Regarding Animal Waste Violations, Unsanitary Conditions, Nuisance Dog Noise, and Dumped Cat Litter

To Whom It May Concern,

I am submitting this formal complaint regarding ongoing and well-documented violations involving residents at Pecan Pointe Apartments whose pets are repeatedly creating unsanitary, unsafe, and disruptive living conditions. These issues violate multiple sections of the Temple Code of Ordinances, which I have cited below.

1. Repeated Failure to Pick Up Dog Waste (Temple Code – Chapters 16 & 40)

For an extended period, including documented evidence from March 25, 2026, dog feces have been left throughout the property—on grass, walkways, and common areas. This creates an unsafe and unsanitary environment.

The primary sources of the uncollected waste are:

- Unit 316 – Husky
- Unit 336 – German Shepherd

The residents responsible for these dogs consistently allow them to defecate on the property without removing the waste.

This violates:

- Temple Code Chapter 16 – Health & Sanitation (prohibits unsanitary conditions affecting public health)
- Temple Code Chapter 40 – Nuisances (prohibits conditions that endanger health, safety, or comfort, including accumulation of animal waste)

2. Nuisance Dog Noise (Temple Code – Chapter 24)

The husky belonging to Unit 316 frequently howls and barks loudly, creating ongoing noise disturbances at various hours.

This violates:

- Temple Code Chapter 24 – Noise (prohibits repeated or continuous animal noise that disturbs neighboring residents)

3. Dumped Cat Litter Near Carports (Temple Code – Chapters 16 & 40)

There is cat litter dumped on the ground near the carports, creating a foul odor, attracting pests, and contributing to unsanitary and hazardous conditions. This is not only unacceptable but also a direct violation of:

- Temple Code Chapter 16 – Health & Sanitation (prohibits accumulation of waste and unsanitary materials)
- Temple Code Chapter 40 – Nuisances (prohibits conditions that endanger health, safety, or comfort)

This condition poses a health risk to residents and further contributes to the overall decline of property cleanliness.

4. Impact on My Ability to Safely Use the Property

Due to the excessive amount of dog feces left on the grounds, I was forced to rehome my own puppy. The environment had become unsafe and unsanitary for a young dog, and it was impossible to walk him without encountering contaminated areas.

This directly interferes with my ability to safely and reasonably use the property.

5. Request for Immediate Action

I am requesting that management and/or Code Compliance take the following actions:

- Enforce pet waste removal policies
- Issue appropriate warnings or citations to the responsible tenants
- Require immediate cleanup of all contaminated areas
- Address the ongoing nuisance noise from the husky in Unit **316 (video evidence will be provided). IT is intimidating residence and a nuisance.**
- Remove the dumped cat litter near the carports and prevent recurrence
- Implement monitoring or corrective measures to ensure compliance

6. Documentation Available

I have clear, date-stamped photographic and video documentation from March 25, 2026, which I am prepared to provide to both management and Temple Code Compliance.

Thank you for your attention to this matter. I request a written response outlining the steps that will be taken to resolve these violations.

It is illegal to retaliate.

Sincerely, **TRAVIS ROGAN MAYFIELD, Unit 338 Pecan Pointe Apartments 463 Westfield Blvd Temple, TX 76502**

**EXHIBITS**







16





# Exhibit B

**Code Compliance Complaint Form** submitted to the City of Temple on March 26, 2026, documenting unsanitary conditions, animal waste violations, nuisance dog noise, and dumped cat litter at Pecan Pointe Apartments.

Formal Complaint – Animal Waste Violations, Unsanitary Conditions, Nuisance Dog Noise & Dumped Cat Litter- PECAN POINTE APARTMENTS8

Yahoo/Sent

- 

**travismayfield**

**From:**travismayfield@yahoo.com

**To:**codecompliance@templetx.gov

Thu, Mar 26 at 8:46 AM

**Subject:** Request for Investigation – Violations of Temple Code Chapters 16, 24, and 40

**Formal Complaint – Animal Waste Violations, Unsanitary Conditions, Nuisance Dog Noise & Dumped Cat Litter**

**Date:** March 26, 2026

**To:** City of Temple – Code Compliance 2 N Main Street Temple, TX 76501

**Property Involved:** Pecan Pointe Apartments 463 Westfield Blvd Temple, TX 76502

**Subject:** Request for Investigation – Violations of Temple Code Chapters 16, 24, and 40

To Whom It May Concern,

I am submitting this formal complaint requesting a **Code Compliance investigation** into ongoing and well-documented violations occurring at **Pecan Pointe Apartments**, located at 463

18

Westfield Blvd, Temple, TX. These conditions pose health, sanitation, and nuisance concerns and violate multiple sections of the **Temple Code of Ordinances**.

**1. Accumulation of Dog Waste on Property Grounds (Violations of Temple Code Chapters 16 & 40)**

For an extended period, including documented evidence from **March 25, 2026**, large amounts of dog feces have been left throughout the property—on grass, walkways, and common areas. These unsanitary conditions create a health hazard for residents and visitors.

The primary sources of the uncollected waste are:

- **Unit 316 – Husky**
- **Unit 336 – German Shepherd**

The dog owners repeatedly allow their animals to defecate on the property without removing the waste.

These conditions violate:

- **Temple Code Chapter 16 – Health & Sanitation** (prohibits unsanitary conditions affecting public health)
- **Temple Code Chapter 40 – Nuisances** (prohibits conditions that endanger health, safety, or comfort, including accumulation of animal waste)

**2. Continuous and Disruptive Dog Noise (Violation of Temple Code Chapter 24)**

The husky belonging to **Unit 316** frequently howls and barks loudly at various hours, creating an ongoing noise disturbance for surrounding residents. VIDEO EVIDENCE is provided below. This violates:

- **Temple Code Chapter 24 – Noise** (prohibits repeated or continuous animal noise that disturbs neighboring residents)

**3. Dumped Cat Litter Near Carports (Violations of Temple Code Chapters 16 & 40)**

There is **cat litter dumped directly on the ground near the carports**, creating foul odors, attracting pests, and contributing to hazardous and unsanitary conditions.

This violates:

- **Temple Code Chapter 16 – Health & Sanitation** (prohibits accumulation of waste and unsanitary materials)

- **Temple Code Chapter 40 – Nuisances** (prohibits conditions that endanger health, safety, or comfort)

These conditions present a clear public health concern.

## 4. Impact on Health and Use of Property

Due to the excessive dog feces throughout the grounds, I was forced to **rehome my own puppy**, as it became unsafe to walk him anywhere on the property without encountering contaminated areas. The conditions interfere with the safe and reasonable use of the premises.

## 5. Request for Code Compliance Investigation and Enforcement

I respectfully request that the City of Temple Code Compliance:

- Conduct an on-site investigation of the property
- Issue citations or corrective orders as appropriate
- Require immediate cleanup of accumulated dog waste
- Address the nuisance noise caused by the husky in Unit 316
- Require removal of the dumped cat litter near the carports
- Ensure the property maintains compliance with Temple Code Chapters 16, 24, and 40

## 6. Documentation Available

I have clear, date-stamped photographic and video evidence from **March 25, 2026**, which I am prepared to provide upon request.

Thank you for your attention to this matter. I request confirmation that this complaint has been received and information regarding the next steps in the investigation.

Management has been notified not to retaliate in any form.


I can be reached at 2543949251 or travismayfield@yahoo.com

**Sincerely, TRAVIS ROGAN MAYFIELD** Unit 338 Pecan Pointe Apartments 463 Westfield Blvd Temple, TX 76502.


**EXHIBITS**











video evidence of the barking husky being a nuisance. noise complaint issue!

Download all attachments as a zip file

- 

1711.mp4

5.4 MB

- 

1710.mp4

5.9 MB

- 

**travismayfield**

**From:**travismayfield@yahoo.com

**To:**Bg Dg

Thu, Mar 26 at 10:23 AM

26

Yahoo Mail: Search, Organize, Conquer

----- Forwarded Message -----

**From:** "travismayfield" <travismayfield@yahoo.com>

**To:** "codecompliance@templetx.gov" <codecompliance@templetx.gov>

Show original message

Download all attachments as a zip file

- 1711.mp4

  5.4 MB

- 1710.mp4

  5.9 MB

# Exhibit C:

**Exhibit C Witness Statement of Andrew Paul Mayfield**, who heard Defendant's employee Christina Luna threaten Plaintiff by stating "you're in violation" during the March 26, 2026 confrontation, and who received text messages confirming that Plaintiff's mother became upset after being misled by Defendant's employee Christina Luna.

Witness statements from Andrew Paul Mayfield- other tenant over the speaker phone.

The Jane doe said when plaintiff had given code compliance complaint and the formal complaint. she used retaliation and tried to reverse the rolls. Defendant's employee Christina Luna said "youre in violation" in referencing the plaintiff as fault wen he was just doing his due diligence giving the forms. She was committed the violations addressed in the petition. Andrew Paul Mayfield can attest to it.  He is a co-tenant. He felt threatened to. He heard her because Travis Rogan Mayfield knew it would be volatile just simply turning in his justified complaints. Andrew Paul Mayfield heard her say it specifically when plaintiff was leaving on the phone.

# Exhibit D

**Exhibit D Email Correspondence with Temple Code Compliance (Daphne Feeback)** confirming Plaintiff's protected activity, including his report of retaliation and his submission of code violation complaints.

## Email Correspondence with Temple Code Compliance (Daphne Feeback) confirming Plaintiff's protected activity, including his report of retaliation and his submission of code violation complaints.

- 

**Daphne Feeback**

Good morning, A case has been created, and a Code Compliance Officer will be by this week to inspect the property. If any code violations are noted at the time of inspection, letters will be sent to the property owner and occupant of record, if any, allowing them 10 business days to comply before we can pursue any other methods of compliance. Please let me know if you have any further questions or concerns. Thanks, Daphne Feeback, Administrative Assistant II Transform Temple 101 N. Main Street, Temple, TX 76501 O: 254.298.5670 From: travismayfield <travismayfield@yahoo.com> Sent: Thursday, March 26, 2026 7:46 AM To: Code Compliance <codecompliance@templetx.gov> Subject: Formal Complaint – Animal Waste Violations, Unsanitary Conditions, Nuisance Dog Noise & Dumped Cat Litter- PECAN POINTE APARTMENTS

Thu, Mar 26 at 10:32 AM

- 

**travismayfield**

**From:**travismayfield@yahoo.com

**To:**dfeeback@templetx.gov

Thu, Mar 26 at 10:46 AM

Appreciate you Daphne,

Idk if my message replied..so here is my formal reply. something had to be done..the poop especially has become a major major issue. Obviously they will be on their best behavior but I am proud I put it in and that they must comply..it's just nasty.  Other complexes don't have it to this level. The husky just intimidates..it's gotten out of hand. I'm proud I rehomed my puppy to a safer environment..they even tried to retaliate against me..I'm not budging ..I have three witnesses about the husky barking at them...it needs to quit!

Travis Rogan Mayfield..

Yahoo Mail: Search, Organize, Conquer

Show original message

- 

**Daphne Feeback**

Good morning, I have added the videos to the case along with the email. Thanks, Daphne Feeback, Administrative Assistant II Transform Temple 101 N. Main Street, Temple, TX 76501 O: 254.298.5670

Thu, Mar 26 at 11:01 AM

- 

**travismayfield**

**From:**travismayfield@yahoo.com

**To:**Daphne Feeback

Thu, Mar 26 at 11:02 AM

30

Thank you!

Travis Rogan Mayfield

Yahoo Mail: Search, Organize, Conquer

Show original message

•

**travismayfield**

**From:**travismayfield@yahoo.com

**To:**dfeeback@templetx.gov

Thu, Mar 26 at 12:28 PM

Daphne I did have to help and Google how this apartment worked intimidated me over my compliance code complaint. I'm just letting u know that she literally tried to pin a separate issue on me as I was giving her that after she said it was a generalized email and sent proof. I couldn't even do my compliance forms giving to her without true fear. It is very odd behavior..based on that circumstance alone. Residents need to be aware how volatile these apartment employees get over this simple due diligence matter.

Just letting you know. It was kind of risky even turning it. Let management know about the situation.

Travis Rogan Mayfield

Yahoo Mail: Search, Organize, Conquer

Show original message

- 

**travismayfield**

**From:**travismayfield@yahoo.com

**To:**dfeeback@templetx.gov

Thu, Mar 26 at 12:29 PM

Yelp not help.


Ok thank you for addressing the matter


Travis Rogan Mayfield


Yahoo Mail: Search, Organize, Conquer

# Exhibit E

**Defendant's Surveillance Footage** from March 26, 2026, capturing the confrontation between Plaintiff and Defendant's employee Christina Luna inside the leasing office. Plaintiff requests preservation and production of this footage.

# Exhibit F

**Plaintiff's Yelp and Google Reviews**, documenting Plaintiff's contemporaneous account of the retaliatory conduct and warning other residents of the unsafe and unsanitary conditions.

Google review:

The Hispanic lady in her 30's tried to intimidate when I gave complex code compliance complaint and formal complaint..she very hostile . literally said I was to blame.when before she said It was a generalized email..extremely illegal. HUD, ada, temple housing needs to address this matter. Even code compliance is aware. I was just doing my due diligence which all tenants are allowed. Beware of her behavior she tries to pin things on one person when it was generalized email to all residents .very scary threatening behavior..needs to be fired

The generalized email is below..she tried to pin it on me as I walked out.it was very very illegal. Definitely leaving after my lease is up.

She knows what she said on camera 3/26/26. 9 am. I got.witnesses who heard her



Yelp



Thank you for being a part of our community.

Sincerely



**You wrote a review**
8 hours ago



The Hispanic lady in her 30's tried to intimidate when I gave complex code compliance complaint and formal complaint..she very hostile . literally said I was to blame.when before she said It was a generalized email..extremely illegal. HUD, ada, temple housing needs to address this matter. Even code compliance is aware. I was just doing my due diligence which all tenants are allowed. Beware of her behavior she tries to pin things on one person when it was generalized email to all residents .very scary threatening behavior..needs to be fired The generalized email is below..she tried to pin it on me as I walked out.it was very very illegal. Definitely leaving after my lease is up. She knows what she said on camera

**You wrote a review**
1 month ago



36



**Photos for Pecan Pointe**

1 of 1

Lady tried to pin this on me .she knows what she said on camera.

Edit caption

Travis M. on Mar 26, 2026

# Exhibit G

**Text Message Records** showing the family conflict caused by Defendant's retaliatory statements, including messages confirming that Plaintiff's mother "got out of line" after being influenced by Defendant's employee Christina Luna.



10:28

(703) 944-7998

Travis heading to Florida. I have no idea about how breaking the lease works but might at some point be logical, even if it results in homelessness. I have some more money for you and at some point just let me know when might be a good time to pick up. I think we are going to refrain from any family events, gatherings politely. Thank you again for all your help and concern and I'm sorry this all happened despite.

- Andy

Andy, thank you for your message. I'm sorry I let myself get so frustrated with Travis's attitude. I wish we could have a calm conversation when there are situations like this one, without escalating. I could certainly do without the drama. I want to help you guys, and will continue to do so in any way I can. If there is anything you need, for yourselves or for the dogs, I'm ready to do it.

9:21 AM

Travis has a legitimate chapter 92 retaliation claim because she said to u he has a violation..we will be getting the formal violation written Monday  because he had a legitimate code compliance claim and has



⊕  RCS message

39

# Exhibit H

**Plaintiff's Personal Statement of Emotional Distress**, detailing trauma, humiliation, whistleblower harm, and the emotional impact of Defendant's retaliation.

My name is **Travis Rogan Mayfield,** and I submit this statement to describe the emotional distress, trauma, humiliation, and personal harm I suffered as a direct result of the retaliatory conduct committed by Defendant's employee, **Christina Luna,** acting on behalf of RPM Living.

On **March 26, 2026,** I attempted to do the right thing. I filed a legitimate Code Compliance Complaint and a Formal Complaint about unsanitary and unsafe conditions at Pecan Pointe Apartments. I acted as a whistleblower because the conditions were unacceptable, and I believed tenants deserved a safe and healthy place to live.

Instead of being treated with respect, I was met with **hostility, intimidation, and retaliation.** Christina Luna falsely accused me of being "in violation," even though she had already admitted the noise email was a mistake sent to the entire complex. Her tone, her aggression, and her attempt to fabricate a violation made me feel unsafe, targeted, and humiliated. I left the office shaken and distressed.

The retaliation did not stop with me. It **spread into my family**.

The next day, on **March 27, 2026,** my own mother called the office to understand what happened. Christina Luna told her that I was "in violation **because of my attitude.**" This was a lie, and it caused my mother to become upset with me. She spoke to me in a harsh tone, believing I had done something wrong when I had only exercised my rights. My witness, **Andrew Paul Mayfield,** received text messages confirming that my mother "got out of line" because of what Defendant's employee Christina Luna told her.

This retaliation **turned my family against me**, even temporarily, and that caused me deep emotional pain. No tenant should ever have to experience their own family being manipulated by a landlord's false statements.

I felt **betrayed, attacked, and alone**. I was simply trying to report legitimate violations, and instead I was treated like a problem — like someone who needed to be punished for speaking up.

The emotional impact has been lasting. I experienced:

40

- **Trauma** from being threatened and intimidated

- **Humiliation** from being falsely accused

- **Fear** of further retaliation

- **Stress and anxiety** from the conflict caused within my family

- **Whistleblower harm**, feeling punished for doing the right thing

- **Loss of peace and security** in my own home

- **Mental anguish** from knowing the retaliation was intentional and unjustified

I was always justified in filing my complaints. I followed the law. I acted responsibly. I tried to protect the health and safety of the community. **Nobody should have retaliated against me for that.**

The Defendant is responsible for what happened. Their employee Christina Luna caused the retaliation. Their employee Christina Luna caused the family conflict. Their employee Christina Luna caused the emotional harm. And RPM Living must be held accountable.

I submit this statement as a truthful account of the emotional distress I suffered because of Defendant's retaliatory conduct.

**/s/ Travis Rogan Mayfield**